## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | | |
|---|---|---|
| Eager to Motivate Fitness, LLC | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | **Civil Action No.  6:22-cv-73** |
| v. | § | |
| | § | |
| Aaron Eames | § | |
| Gabrielle VanCopeland and | § | **JURY TRIAL DEMANDED** |
| Ambrosia Kitchen & Catering | § | |
| | § | |
| *Defendant* | § | |

### PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, Eager To Motivate Fitness, LLC. (hereinafter "E2M" or "Plaintiff") complains of Aaron Eames, Gabrielle VanCopeland and Ambrosia Kitchen & Catering (collectively "Ambrosia" or "Defendants" hereafter) and would show the Court the following:

### I.
### JURISDICTION AND VENUE

1.      The jurisdiction of this Court over the claims in this suit is founded upon 15 U.S.C. §1121 and 28 U.S.C. §1338(a).  Defendants are, on information and belief, promoting, publicizing, and selling the below-described infringing products and services in this judicial district.  Venue is, upon information and belief, proper under 28 U.S.C. §1391(b) and (c).

### II.
### PARTIES

2.      Plaintiff E2M is a limited liability company organized under the laws of the State of South Carolina, having its principal place of business in Charleston, South Carolina.

3.      Defendants Aaron Eames, Gabrielle VanCopeland are each, on information and belief, individual citizens of the State of South Carolina and residents of Charleston, South

Carolina.   Upon information and belief, Defendants may be served at their place of business ("Ambrosia Kitchen") at 7671 Northwoods Blvd, North Charleston, SC 29406.   Defendant, Ambrosia Kitchen & Catering is, on information and belief, a South Carolina limited liability company who may be served via its registered agent.

### III.
### FACTS

4.       E2M is, and at all relevant times has been, the owner of rights in and to the mark "E2M" for, and related to membership-based guidance on personal health and fitness and diet.

5.       "E2M" is a mark representing the goodwill of E2M in the above-referenced context, as well as a shorthand for "Eager to Motivate" - the latter also representing a mark in which E2M holds exclusive rights (collectively, sometimes hereafter referenced as "Plaintiff's Marks").

6.       E2M has, promoted and sold services and associated products under its "E2M" and "EAGER TO MOTIVATE" marks throughout the United States, in part, through engagement and commercial interchange with its thousands of subscribers in most of the United States.

7.       E2M's services include meal-planning, again in association with its mark - "E2M".

8.       In fact, Defendants at least were each E2M subscribers ("members of the E2M community" in the membership's vernacular).

9.       Defendants are using "E2M" in interstate commerce as a brand name in offering pre-prepared meals - identifying them as "**E2M-Friendly**".

10.       Moreover, Defendant, Ambrosia Kitchen & Catering, has, on information and belief, under the direction and control of the remaining Defendants, even applied to federally register "E2M-FRIENDLY" with the United States Patent & Trademark Office (**See Exhibit A hereto**).

11.      Defendant use of "E2M-Friendly" continued after actual notice of E2M's notice of their objections to such use.

12.      The aforementioned application to register "E2M-FRIENDLY" was also filed after such actual notice by E2M.

13.      Defendants' promotion and use of "E2M-FRIENDLY", is directed to and reaches all regions of the United States, including this Judicial District and Division, at least through their posting on the social media platform known as "Facebook".

14.      E2M has not authorized, consented to, or otherwise acquiesced in the use of "E2M" (with or without additional indicia) by Defendants, or any of them.

15.      Defendants' use of the "E2M" mark is likely to cause confusion or to cause mistake, or to deceive consumers and others in relevant populations, as to the origin, sponsorship, approval or affiliation of the respective goods and services of the parties.

16.      Such use is, therefore, an infringement of Plaintiff's rights in "E2M" which extend, not merely to "E2M" verbatim, but to all variations and colorable imitations of "E2M", the use of which is likely to create confusion.

17.      Defendants' use of "E2M" constitutes common law trademark infringement as well as a "false designation of origin" under federal unfair competition law.

18.      Defendants' offerings are, on information and belief, a deliberate and willful attempt to associate themselves with E2M and to damage E2M in retribution for E2M's proper and, in fact, necessary measures in policing their marks.

19.      On information and belief, Defendants' usurpation of the "E2M" mark creates, or is likely to create both direct and reverse confusion.

20.     By Defendants' combining the "E2M" mark on its packaging with marks likely to be viewed (at least by some) as owned by Defendants, it is likely that members of relevant populations will believe that the "E2M" mark is somehow owned or controlled by Defendants, and that the products of Plaintiff and of Plaintiff's licensees are produced by, sponsored by, approved by, or somehow affiliated with Defendants.

21.     Defendants are not only using the "E2M" mark in connection with promoting products and services that are essentially identical to some of those of Plaintiff,  but are doing so in the same markets/universe of consumers as "E2M" products services are sold - specifically to E2M's subscribers.

22.     In fact, representing any product or serves as "E2M-FRIENDLY", it is undeniable that an association with the well-known products and services associated with "E2M" would be the intended result.

## IV.
### CAUSES OF ACTION

### *Count I – False Designation of Origin, False or Misleading Advertising,*
### *15 U.S.C. §1125(a).*

23.     Plaintiff hereby incorporates by reference each of the other allegations set forth elsewhere in this Complaint, including paragraphs 1 - 22, as though fully set forth in this cause of action.

24.     Defendants' actions as described herein constitute direct and/or contributory violation of 15 U.S.C. §1125(a)(1)(A), as such actions are likely to: (a) cause confusion; (b) cause mistake; or (c) deceive as to the affiliation, connection, or association of Defendants with Plaintiff and/or to the origin, sponsorship, and/or approval of such goods by Plaintiff.

25.     As a proximate result of Defendants' trademark infringement, Plaintiff has been damaged in an amount exceeding $75,000.00 to be proven at trial.

26.     Plaintiff alleges upon information and belief that, as a proximate result of Defendants' trademark infringement, Defendants have unlawfully profited in an amount to be proven at trial.

27.     Defendants' acts of violating, directly and/or contributory, Section 1125 have caused, and will continue to cause, Plaintiff irreparable harm unless they are enjoined by this Court.

28.     The willful nature of Defendant's infringement, if established by subsequent discovery, will render this case exceptional within the meaning of 15 U.S.C. §1117, entitling Plaintiff E2M to an award of its reasonable attorney fees.

### Count II - Federal Trademark Infringement
### (Reverse Confusion)

29.     Plaintiff incorporates the foregoing paragraphs 1 - 28 as if fully set forth herein.

30.     The use by Defendants of the brand name "E2M" in interstate commerce is likely to cause confusion, mistake, or deception among purchasers or prospective purchasers as to the respective source, sponsorship, approval or affiliation of Plaintiff's and Defendants' products.

31.     The infringing acts of Defendants are likely to also create reverse confusion (that Plaintiff's or Plaintiff's licensees' goods are produced by, sponsored by, approved by, or affiliated with Defendants).

32.     Defendants are therefore liable for infringement of Plaintiff's trademark and service mark rights as described herein as constituting direct and/or contributory violation of 15 U.S.C. §1125(a)(1)(A), as such actions are likely to: (a) cause reverse confusion in a manner to deceive as to the affiliation, connection, or association of Defendants with Plaintiff and/or to the origin, sponsorship, and/or approval of such goods by Plaintiff.

33.     Plaintiff E2M has been and is being irreparably damaged by the foregoing acts of Defendants and, unless Defendants are restrained, said acts will continue.  Having no adequate

remedy at law, Plaintiff E2M seeks injunctive relief in addition to its actual damages and Defendants' profits

34.     The willful nature of Defendant's infringement, if established by subsequent discovery, will render this case exceptional within the meaning of 15 U.S.C. §1117, entitling Plaintiff E2M to an award of its reasonable attorney fees.

### PRAYER FOR RELIEF

35.     WHEREFORE, Plaintiff, E2M respectfully prays:

a. For an award of Defendants' profits and Plaintiff's damages in an amount to be proven at trial for false designation of origin and unfair competition under 15. U.S.C. §1125(c).

b. Preliminarily and permanently enjoining Defendants and their agents, employees, officers, directors, owners, representatives, successor companies, affiliates, subsidiaries and related companies, and all persons acting in concern or participation with it, and each of them, from:

c. The import, export, making, manufacture, reproduction, assembly, use, acquisition, purchase, offer, sale, transfer, brokerage, consignment, distribution, storage, shipment, licensing, development, display, delivery, marketing, advertising or promotion of the infringing and diluting product or services identified in the Complaint and any other product or service which infringes or dilutes any of Plaintiff's intellectual property, including any mark, trade name, entity name that includes "E2M".

d. The unauthorized use, in any manner whatsoever, of "E2M", including any variants, colorable imitations, translations, and/or simulations thereof and/or any items that are confusingly similar thereto, including specifically:

    i.       On or in conjunction with any product or service; and

      ii.    On or in conjunction with any advertising, promotional materials, labels, hangtags, packaging or containers.

e. The use of any Plaintiff's intellectual property, including any trademark, trade name, or trade dress that falsely represents, or is likely to confuse, mislead, or deceive purchasers, customers, or members of the public to believe that unauthorized product imported, exported, manufactured, reproduced, distributed, assembles, acquired, purchased, offered, sold, transferred, brokered, consigned, distributed, stored, shipped, marketed, advertised and/or promoted by Defendants originate from E2M, or that said merchandise or service has been sponsored, approved, licensed by, or associated with E2M or is in some way, connected or affiliated with E2M.

f. Engaging in any conduct that falsely represents that, or is likely to confuse, mislead, or deceive purchasers, customers, or members of the public to believe that Defendants are connected with, or are in some way sponsored by or affiliated with E2M, purchases product from or otherwise have a business relationship with E2M.

e. Affixing, applying, annexing, or using in connection with the manufacture, distribution, advertising, sale, and/or offering for sale or other use of any goods, a false description or representation, including words or symbols, tending to falsely describe or represent such goods as being those of E2M.

f. Hiding, disposing of, destroying, moving, relocating or transferring any and all products, advertising, promotional materials, labels, hangtags, packaging or containers bearing any of Plaintiff's Mark or which otherwise refer or relate to E2M or any of Plaintiff's Marks.

g. Disposing of, destroying, moving, relocating or transferring any documents or things, including electronic records, pertaining to the purchase, procurement, development, making, manufacture, use, display, advertisement, marketing, licensing, sale, offer for sale, distribution,

shipping, or delivery of any products or services bearing any of Plaintiff's Marks or which otherwise refer or relate to E2M or any of Plaintiff's Marks.

h. Pursuant to 15 U.S.C. §1116(a), directing Defendants to file with the Court and serve on E2M within thirty (30) days after issuance of an injunction, a report in writing and under oath setting forth in detail the manner and form, in which Defendants have complied with the injunction.

i. For an order from the Court requiring Defendants provide complete accountings and for equitable relief, including that Defendants disgorge and return or pay their ill-gotten gains obtained from the illegal transactions entered into and/or pay restitution, including the amounts of monies that should have been paid if Defendants complied with their legal obligations, or as equity requires.

j. For an order from the Court that an asset freeze or constructive trust be imposed over all monies and profits in Defendants' possession which rightfully belong to Plaintiff.

k. Pursuant to 15 U.S.C. §1118 requiring that Defendants and all others acting under Defendants' authority at their cost, be required to deliver up to E2M for destruction all products, accessories, labels, signs, prints, packages, wrappers, receptacles, advertisements, and other material in their possession, custody or control bearing any of Plaintiff's Marks alone, or in combination with any other word, words, or design.

l. For treble damages suffered by Plaintiff as a result of the willful and intentional infringements engaged in by Defendants, under 15 U.S.C. §1117(b).

m. For an award of exemplary or punitive damages in an amount to be determined by the Court.

n. For an award of Plaintiff's reasonable attorney's fees.

o. For all costs of suit.

p. For such other and further relief as the Court may deem just and equitable.

## JURY DEMAND

WHEREFORE, Eager To Motivate Fitness, LLC, requests a trial by jury on all issues so triable.

Dated:  January 19, 2022                    Respectfully submitted,

By:    /s/  David G. Henry, Sr.
CONNIE C. DAVIS POWELL NICHOLS
State Bar No. 24068355
DAVID G. HENRY, SR.
State Bar No. 09479355
GRAY REED
900 Washington Ave.
Suite 800
Waco, Texas 76701
(214) 954-4135
(214) 953-1332 (Facsimile)
cnichols@grayreed.com
dhenry@grayreed.com

**ATTORNEYS FOR PLAINTIFF,
EAGER TO MOTIVATE FITNESS, LLC**